ROBERTS, J.,
for the Court:
¶ 1. Peter McGovern was convicted of selling amphetamines. He unsuccessfully sought to be declared eligible for parole through the Administrative Remedy Program (ARP) available through the Mississippi Department of Corrections (MDOC). After exhausting his administrative remedies, McGovern appealed to the Hinds County Circuit Court, which found no merit to his argument. Aggrieved, McGovern appeals. Finding that McGovern is not eligible for parole because he has been convicted of selling amphetamines, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 2002, McGovern was convicted of selling amphetamines. He was sentenced to twenty years in the custody of the MDOC with fourteen years suspended followed by five years of post-release supervision. As best we can tell, in March 2008, McGovern was released and serving his term of post-release supervision when he committed some act that resulted in the revocation of his post-release supervision. He was then returned to custody to serve the fourteen-year term that had previously been suspended.
¶ 3. Having been returned to custody to serve the fourteen-year balance of his sentence, McGovern believed that he should be declared eligible for parole at some unspecified time. However, McGovern achieved no success in the ARP. He was informed that he was not eligible for parole because he had previously been convicted of residential burglary, which was considered a violent offense that precluded him from being eligible for parole. McGovern exhausted his administrative remedies through the ARP.
¶ 4. After the MDOC certified that McGovern had fulfilled the requirements of the ARP, McGovern filed a “motion for parole eligibility date” in the Hinds County Circuit Court. McGovern argued that he was eligible for parole by virtue of the 2008 amendments to Mississippi Code Annotated section 47-7-3 (Supp.2008). However, the circuit court noted that section 47-7-3 precluded a convict from being eligible for parole in the event of a conviction for the sale of a controlled substance. Because McGovern was serving a sentence for selling amphetamines, the circuit court denied McGovern’s request to declare him eligible for parole. Aggrieved, McGovern appeals.
*71 STANDARD OF REVIEW
¶ 5. We will not disturb the decision of an administrative agency, such as the MDOC, unless the decision is unsupported by substantial evidence, arbitrary or capricious, beyond the agency’s scope or powers, or violative of the constitutional or statutory rights of the aggrieved party. Taylor v. Petrie, 41 So.3d 724, 727 (¶ 8) (Miss.Ct.App.2010) (citations and internal quotation omitted). However, we apply a de novo standard of review to questions of statutory interpretation. Finn v. State, 978 So.2d 1270, 1272 (¶ 6) (Miss.2008). The issue before the circuit court was one of law; hence, we review the decision de novo.
ANALYSIS
¶ 6. The sole issue on appeal is whether McGovern is eligible for parole of his sentence for selling amphetamines. “[P]arole eligibility is normally an executive decision and not one for the judiciary to determine.” Heafner v. State, 947 So.2d 354, 357 (¶ 12) (Miss.Ct.App.2007). Exclusive power over the granting and revoking of parole is vested in the state’s parole board. Miss.Code Ann. § 47-7-5 (Rev.2004). This Court has previously held that it is not improper for an inmate to pursue a question regarding his parole eligibility date by way of the MDOC’s ARP. Lattimore v. Sparkman, 858 So.2d 936, 938 (¶ 7) (Miss.Ct.App.2003). Nevertheless, an inmate may also challenge his parole eligibility as an original action in a circuit court. Id. McGovern chose the former course.
¶ 7. The MDOC argues McGovern should not be allowed to assert a retroactive analysis of his parole eligibility based on 2008 amendments to section 47-7-3. As authority for its position, the MDOC cites Mississippi Code Annotated section 99-19-1 (Rev.2007), which states:
No statutory change of any law affecting a crime or its punishment ... shall affect or defeat the prosecution of any crime committed prior to its enactment, ... and all laws defining a crime or prescribing its punishment, or for the imposition of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, ... not withstanding amen-datory or repealing statutes, unless otherwise specially provided in such statutes.
The MDOC also cites McBride v. State, 914 So.2d 260, 264 (¶11) (Miss.Ct.App.2005) for the principle that an offender is not entitled to a new, more lenient sentence when the Mississippi Legislature amends a sentencing statute without specifically requiring resentencing of those previously sentenced under that statute. We find that the MDOC’s argument is misplaced. McGovern did not request a new or more lenient sentence. Furthermore, the MDOC cites no authority that would operate to limit the Legislature’s authority to retroactively apply any hypothetical amendments to the parole-eligibility provisions set forth within section 47-7-3. The MDOC’s argument is of no moment, however, considering that there were no amendments to section 47-7-3 by which McGovern would be considered ineligible for parole prior to those amendments and then eligible for parole after enactment of the amendments.[1]
*72 ¶ 8. The Legislature set the following criteria regarding who is eligible for parole, stating:
No person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995, except that an offender convicted of only-nonviolent crimes after June 30, 1995, may be eligible for parole if the offender meets the requirements in subsection (1) and this paragraph.... For purposes of this paragraph, “nonviolent crime” means a felony other than ... the sale or manufacture of a controlled substance under the Uniform Controlled Substances Law.... An offender convicted of a violation under Section 41-29-139(a), not exceeding the amounts specified under Section 41-29-139(b), may be eligible for parole.
Miss.Code Ann. § 47-7-3(l)(h) (Supp. 2011). Mississippi Code Annotated section 41-29-139(a) (Rev.2009) provides:
Except as authorized by this article, it is unlawful for any person knowingly or intentionally: (l)[t]o sell, barter, transfer, manufacture, distribute, dispensed or possess with intent to sell, barter, transfer, manufacture, distributed or dispense, a controlled substance; or (2)[t]o create sell, barter, transfer, distribute, dispensed or possess with intent to create, sell, barter, transfer, distributee,] or dispense, a counterfeit substance.
McGovern is currently serving the previously suspended portion of his sentence for selling amphetamines in violation of section 41-29-139(a). Section 47 — 7—3(l)(h) states that McGovern is eligible for parole if he had been convicted of a “nonviolent crime.” The statute further states that the sale of a controlled substance is not a “nonviolent crime” for the purposes of parole eligibility. Nevertheless, pursuant to section 47 — 7—3(l)(h), McGovern may still be eligible for parole if the controlled substance that he sold did not exceed “the amounts specified under [Mississippi Code Annotated section] 41-29-139(b) [ (Rev. 2009) ].” Section 41 — 29—139(b)(1) pertains to sentencing offenders convicted of selling “controlled substances classified in Schedule I or II ... except thirty (30) grams or less of marihuana, and ... a first offender ... who violates [section 41-29-139(a) ] with respect to less than one (1) kilogram but more than thirty (30) grams of marihuana.” Section 41-29-139(b)(2) sets sentencing parameters for “a first offender who violates [section 41-29-139(a) ] with an amount less than one (1) kilogram but more than thirty (30) grams of marihuana.” Finally, section 41 — 29—139(b)(3) pertains to offenders convicted of selling “thirty (30) grams or less of marihuana.” McGovern was convicted of selling amphetamines-not marijuana. None of the provisions of section 41-29-139(b) pertain to selling an amount of a controlled substance other than marijuana. They do not apply to an offender convicted of selling amphetamines. Because McGovern is incarcerated for selling amphetamines, he is not eligible for parole.[2] Consequently, we find no merit to McGovern’s argument.
*73 ¶ 9. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, MAXWELL AND RUSSELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT. CARLTON, J., CONCURS IN RESULT ONLY.

. There have been amendments to section 47-7-3 since McGovern was sentenced for selling amphetamines, but those amendments had no bearing on McGovern’s parole eligibility. The amendments merely involved redefining paragraphs as subparagraphs and other similar modifications.

. During the first and second steps of the ARP, the MDOC informed McGovern that he was not eligible for parole because he had previously been convicted of burglary. The third-step response was ambiguous in that it also concluded McGovern was not eligible for parole, but it did not specify why he was not eligible. Based on the discussion above, the first-and-second step ARP responses reached the right result, but they did so based on incorrect reasoning. Even though the MDOC incorrectly determined that McGovern was not eligible for parole as a consequence of his prior burglary conviction, he is still ineligible for parole because of his conviction for selling amphetamines. Although McGovern had a prior burglary conviction, he is not in the MDOC's custody for burglary.