BARNES, J.,
for the Court:
¶ 1. Sam Turner filed a motion for post-conviction relief (PCR) in Lowndes County Circuit Court. Finding that Turner’s claims were excepted from certain procedural bars, the circuit court addressed the merits, but denied Turner’s motion. On appeal, we affirm the circuit court’s judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. In April 2004, Sam Turner was indicted as a habitual offender in Lowndes County, Mississippi, on two counts of the sale of cocaine. He had two prior convictions: possession of cocaine (August 27, 1997) and aggravated assault (August 20, 1998). As a result of a plea bargain, however, Turner pleaded guilty to one count of sale of cocaine on November 19, 2004, and he was sentenced as a non-habitual offender to twenty years in the custody of the Mississippi Department of Corrections (MDOC). The second count was dismissed.
¶ 3. Turner filed a complaint through the MDOC’s Administrative Remedy Program (ARP), arguing that his time sheet was incorrectly computed and that the MDOC breached his plea agreement because of its refusal to assign him a parole date. The MDOC denied Turner relief, stating that he was not eligible for parole because of his prior conviction for aggravated assault, which is considered a violent crime.[1]
¶ 4. Turner subsequently filed a PCR motion with the Lowndes County Circuit Court on January 3, 2013. The circuit court found that Turner’s PCR motion was proeedurally barred as a successive writ; he had previously filed a PCR motion in 2007. See Miss.Code Ann. § 99-39-23(6) (Supp.2013). The motion was also time-barred because it was not filed within three years of the entry of his guilty plea. See Miss.Code Ann. § 99-39-5(2) (Supp. 2013). However, “[ejrrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Mississip *947 pi Uniform Post-Conviction Collateral Relief Act].” Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010). The circuit court, therefore, addressed the merits of Turner’s motion, considering it to fall within an exception to the statutory bars. The circuit court denied Turner any relief, finding that Tuner was not promised parole at his guilty-plea colloquy and that the computation of Turner’s sentence and determination of parole eligibility were “solely under the province of the [MDOC]” and the Mississippi Parole Board. For this reason, the circuit court did not provide a substantive discussion regarding whether Turner is eligible for parole.
¶ 5. Turner reasserts his claims on appeal. Although we find the MDOC’s basis for determining Turner’s parole ineligibility was erroneous, we conclude that he was not eligible for parole based upon the nature of the crime for which he was in custody. Thus, we affirm the circuit court’s denial of the PCR motion.
STANDARD OF REVIEW
¶ 6. A circuit court’s denial of a PCR motion will not be disturbed unless we find that the “decision to deny the motion was clearly erroneous.” Ford v. State, 121 So.3d 325, 327 (¶ 7) (Miss.Ct.App.2013) (quoting Johnson v. State, 70 So.3d 262, 263 (¶ 4) (Miss.CtApp.2011)). “However, when reviewing issues of law, this Court’s proper standard of review is de novo.” Id.
DISCUSSION
I. Whether the circuit court had jurisdiction to consider Turner’s parole-eligibility claim.
¶ 7. The State argues that since Turner has no constitutionally recognized liberty interest in parole, the determination of parole eligibility is vested with the MDOC and Mississippi Parole Board, not the circuit court. The State is correct in that an inmate has “ ‘no constitutionally recognized liberty interest’ in parole.” Vice v. State, 679 So.2d 205, 208 (Miss.1996) (quoting Smith v. State, 580 So.2d 1221, 1225-26 (Miss.1991)). A prisoner’s parole eligibility “is normally an executive decision and not one for the judiciary to determine.” Heafner v. State, 947 So.2d 354, 357 (¶ 11) (Miss.Ct.App.2007).
¶ 8. However, an inmate may “pursue a change to his parole eligibility date by using the internal grievance procedure^] ... [or he] may contest matters such as this as an original action in circuit court.” Lattimore v. Sparkman, 858 So.2d 936, 938 (¶ 7) (Miss.Ct.App.2003); see also Keys v. State, 67 So.3d 758, 760 (¶¶ 7-8) (Miss.2011) (holding prisoner not required to exhaust his administrative remedies pri- or to filing PCR motion and challenging his parole eligibility). In this case, Turner properly appealed his parole through the MDOC’s ARP process. Consequently, we find the circuit court had jurisdiction to consider Turner’s claim regarding his parole eligibility in his motion for PCR.
¶ 9. Although Turner’s PCR motion would otherwise be procedurally barred, we agree with the circuit court that his claim is excepted from such procedural bars, and we now address the merits of Turner’s argument.
II. Whether Turner is eligible for parole.
¶ 10. Turner contends that he was induced to enter his guilty plea because he was promised he would be sentenced as a non-habitual offender and would receive parole. However, as the circuit court notes, the record does not support Turner’s claim. During his guilty-plea colloquy, Turner told the judge that no one had promised him “any kind of rewards or *948 hopes of leniency” to obtain his guilty plea. At no point during the hearing was Turner told he would be eligible for parole.
¶ 11. We also find no merit to Turner’s claim that the MDOC erred in determining that he was not eligible for parole. This Court considered a similar situation in McGovern v. Mississippi Department of Corrections, 89 So.3d 69 (Miss.Ct.App.2011). Like the case before us, the “sole issue on appeal” in McGovern was whether the prisoner was eligible for parole on the sentence he was then serving. Id. at 71 (¶ 6). Peter McGovern was convicted of selling amphetamines and sentenced to twenty years in MDOC custody, with fourteen years suspended and five years of post-release supervision. He was serving his term of post-release supervision (PRS) when he committed an act that resulted in the revocation of his PRS and a return to custody. Id. at 70 (¶ 2). Once in custody, McGovern claimed he should have been eligible for parole, and he filed an appeal through the ARP. However, the MDOC denied his appeal, reasoning that a prior conviction for burglary precluded him from parole eligibility. Id. at 70 (¶ 3).
¶ 12. Our Court in McGovern discussed the criteria for parole eligibility as established in Mississippi Code Annotated section 47-7-3 (Rev.2011), which provides in pertinent part:
No person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995, except that an offender convicted of only nonviolent crimes after June 30, 1995, may be eligible for parole if the offender meets the requirements in subsection (1) and this paragraph. In addition to other requirements, if an offender is convicted of a drug or driving under the influence felony, the offender must complete a drug and alcohol rehabilitation program prior to parole or the offender may be required to complete a post-release drug and alcohol program as a condition of parole. For purposes of this paragraph, “nonviolent crime” means a felony other than homicide, robbery, manslaughter, sex crimes, arson, burglary of an occupied dwelling, aggravated assault, kidnapping, felonious abuse of vulnerable adults, felonies with enhanced penalties, the sale or manufacture of a controlled substance under the Uniform Controlled Substances Law, felony child abuse, or exploitation or any crime under Section 97-5-33 or Section 97-5-39(2) or 97-5-39(1)(b), 97-5-39(1)(c) or a violation of Section 63-11-30(5). An offender convicted of a violation under Section 41-29-139(a), not exceeding the amounts specified under Section 41-29-139(b), may be eligible for parole.
Miss.Code Ann. § 47-7-3(l)(h) (emphasis added). The State notes that nothing in the record indicates the amount of cocaine sold by Turner, but we find this to be irrelevant in determining Turner’s parole eligibility. We explained in McGovern:
[Mississippi Code Annotated sjection 41 — 29—139(b)(1) pertains to sentencing offenders convicted of selling “controlled substances classified in Schedule I or II except thirty (30) grams or less of marihuana, and a first offender who violates section 41-29-139(a) with respect to less than one (1) kilogram but more than thirty (30) grams of marihuana.” Section 41-29-139(b)(2) sets sentencing parameters for “a first offender who violates section 41-29-139(a) with an amount less than one (1) kilogram but more than thirty (30) grams of marihuana.” Finally, section 41 — 29—139(b)(3) pertains to offenders convicted of selling “thirty (30) grams or less of marihuana.”
*949 McGovern, 89 So.3d at 72 (¶ 8) (emphasis added). Thus, we concluded that none of the provisions of section 41-29—139(b) concerned selling an amount of a controlled substance other than marijuana and did “not apply to an offender convicted of selling amphetamines.” McGovern, 89 So.3d at 72 (¶ 8). Likewise, Turner is in custody for the sale of cocaine, not marijuana. Therefore, he is not eligible for parole under section 47-7-3(1)(h).
¶ 13. The State has not provided any support for the MDOC’s interpretation of the statute — that a prisoner is not eligible for parole if convicted after June 1995 of a violent crime, even if he is no longer in custody for that crime. In McGovern, however, we held:
Even though the MDOC incorrectly determined that McGovern was not eligible for parole as a consequence of his prior burglary conviction, he is still ineligible for parole because of his conviction for selling amphetamines. Although McGovern had a prior burglary conviction, he is not in the MDOC’s custody for burglary.
McGovern, 89 So.3d at 72 n. 2. Section 47-7-3(1)(h) “does not mention prior crimes, violent or otherwise.” Ray v. State, 104 So.3d 171, 171 (¶ 4) (Miss.Ct.App.2012). Therefore, as in McGovern, we find the MDOC’s determination that Turner was not eligible for parole was correct in its result, but was incorrect in its reasoning that his ineligibility should be based on a crime for which he is not in custody (i.e., his prior conviction for aggravated assault). Rather, Turner was ineligible for parole based on his conviction for the sale of cocaine.
¶ 14. Accordingly, as Turner is not eligible for parole, we affirm the circuit court’s denial of his PCR motion.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT. CARLTON, J., CONCURS IN RESULT ONLY.

. Mississippi Code Annotated 47-7-3(l)(h) (Rev.2011) provides that a person shall not be eligible for parole if he is convicted of a violent crime after June 30, 1995.