# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01058-COA

**FRANKLIN RAY ODOM A/K/A FRANK ODOM
A/K/A FRANKLIN ODOM**                                             **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF                                        APPELLEE
CORRECTIONS**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/01/2015 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | FRANKLIN RAY ODOM (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ANTHONY LOUIS SCHMIDT JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DISMISSED APPELLANT'S MOTION TO MANDATE PAROLE ELIGIBILITY |
| DISPOSITION: | REVERSED AND RENDERED - 09/20/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     On June 18, 2012, Franklin Ray Odom pleaded guilty to the sale of methamphetamine (Count I) and methamphetamine possession (Count II) in Rankin County Circuit Court.  He was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC) for Count I, and eight years for Count II, with the sentences to run concurrently, and post-release supervision of five years after serving twenty years of his sentence for Count I.  Since Odom was currently serving twenty-two years of post-release supervision for a prior conviction of possession of precursors with intent to manufacture, the circuit court revoked

that sentence based on his 2012 convictions. Odom was also convicted in another cause (2011-0673) for possession of methamphetamine in Madison County in October 2012 and sentenced to two years in the custody of the MDOC, to run consecutively with his other sentences, and five years of probation.

¶2. Upon later learning the MDOC considered him to be ineligible for parole on all of his sentences, except for the two-year sentence for possession of methamphetamine, Odom filed a grievance through the MDOC's Administrative Remedy Program (ARP) on September 15, 2014.[1] The MDOC rejected Odom's request on September 23, 2014, noting the MDOC "does not handle Parole Board matters." Odom was notified of the MDOC's rejection of his grievance on October 28, 2014. He filed no subsequent requests through the ARP.

¶3. Instead, on December 1, 2014, Odom filed a "Complaint on Parole Eligibility" with the Rankin County Circuit Court.[2] He argued that the MDOC erred in determining that he was not parole-eligible for his sentences. The MDOC responded that Odom's filing was untimely and that he is ineligible for parole under Mississippi Code Annotated section 47-7-3 (Supp. 2014). Odom subsequently filed a "Motion to Mandate Parole Eligibility" on December 23, 2014. In the motion, he abandoned his claim regarding his twenty-two-year sentence for possession of precursors, but continued to assert the MDOC erred in finding him

---

[1] Odom's August 29, 2014 sentence-computation record contains the following comment: "Turner v. [S]tate (only eligible for parole on the consecutive 2 yr. meth ps. sentence)," likely referencing this Court's conclusion in *Turner v. State*, 169 So. 3d 945 (Miss. Ct. App. 2014), that a defendant, who was convicted of the sale of cocaine, was not eligible for parole under Mississippi Code Annotated section 47-7-3 (Rev. 2011).

[2] The complaint was signed and dated by Odom on November 24, 2014.

ineligible for parole for sale of methamphetamine and argued he was denied due process.[3]

¶4. On July 1, 2015, the circuit court entered a judgment of dismissal for lack of jurisdiction from an appeal of an MDOC administrative decision. It further reasoned that if Odom's complaint was a "direct action" filed with the circuit court, Odom was not eligible for parole as his conviction was for the sale of a controlled substance, citing language in section 47-7-3(f) that specifically excludes "the sale or manufacture of a controlled substance under the Uniform Controlled Substances Law" from parole-eligible "non-violent crimes."

¶5. On appeal, we conclude that Odom is eligible for parole under our recent decision in *Sinko v. State*, 192 So. 3d 1069 (Miss. Ct. App. 2016), as well as subsequent legislative amendments to section 47-7-3(f). Therefore, we reverse and render the court's judgment.

## DISCUSSION

¶6. The MDOC argues first that Odom's appeal is untimely under Mississippi Code Annotated section 47-5-807 (Rev. 2015), which provides: "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Although the record reveals Odom did not receive the MDOC's rejection of his grievance until October 28, 2014, we agree that Odom did not exhaust his administrative remedies. Rather, Odom abandoned the MDOC administrative process and filed an original action with the circuit court on December 1,

---

[3] It appears from Odom's December 4, 2014 computation sheet that the MDOC later determined that he will be eligible for parole on April 6, 2017, for his twenty-two-year sentence.

2014, attacking the MDOC's computation of his parole eligibility, not the denial of his grievance during the ARP. In *McGovern v. Mississippi Department of Corrections*, 89 So. 3d 69, 71 (¶6) (Miss. Ct. App. 2011), this Court held that while "it is not improper for an inmate to pursue a question regarding his parole eligibility date by way of the MDOC's ARP, . . . [he] may also challenge his parole eligibility as an original action in a circuit court." (Citing *Lattimore v. Sparkman*, 858 So. 2d 936, 938 (¶7) (Miss. Ct. App. 2003)); *see also Keys v. State,* 67 So. 3d 758, 760 (¶¶7-8) (Miss. 2011) (holding a prisoner is not required to exhaust his administrative remedies prior to filing a PCR motion and challenging his parole eligibility).[4] Therefore, we find that the circuit court had jurisdiction to consider the merits of Odom's claim.

¶7.     Odom contends that the MDOC erred in finding his sentence for the sale of methamphetamine was not eligible for parole. In *Sinko*, this Court held that under amendments to sections 41-29-139 and 47-7-3(f), effective on July 1, 2014, parole eligibility was extended to persons, such as Odom, who were convicted of selling or manufacturing controlled substances. *Sinko*, 192 So. 3d at 1077 (¶23). Additionally, a recent change by the Legislature to section 47-7-3(f) has confirmed that parole eligibility is extended to those inmates incarcerated for the sale or manufacture of a controlled substance. *See* 2016 Miss. Laws H.B. 107 (effective May 13, 2016). Section 47-7-3(f) now provides:

> No person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995, except that an offender convicted of

---

[4] Considering the MDOC's stated reason for rejecting Odom's complaint was that it "does not handle Parole Board matters," we understand Odom's decision to file an original action with the circuit court instead of futilely proceeding with the administrative process.

only nonviolent crimes after June 30, 1995, may be eligible for parole if the offender meets the requirements in subsection (1) and this paragraph. In addition to other requirements, if an offender is convicted of a drug or driving under the influence felony, the offender must complete a drug and alcohol rehabilitation program prior to parole or the offender may be required to complete a post-release drug and alcohol program as a condition of parole. For purposes of this paragraph, "nonviolent crime" means a felony other than homicide, robbery, manslaughter, sex crimes, arson, burglary of an occupied dwelling, aggravated assault, kidnapping, felonious abuse of vulnerable adults, felonies with enhanced penalties, the sale or manufacture of a controlled substance under the Uniform Controlled Substances Law, felony child abuse, or exploitation or any crime under Section 97-5-33 or Section 97-5-39(2) or 97-5-39(1)(b), 97-5-39(1)(c) or a violation of Section 63-11-30(5). In addition, an offender incarcerated for committing the crime of possession of a controlled substance under the Uniform Controlled Substances Law after July 1, 1995, shall be eligible for parole. *An offender incarcerated for committing the crime of sale or manufacture of a controlled substance shall be eligible for parole after serving one-fourth ( ¼ ) of the sentence imposed by the trial court.* This paragraph (f) shall not apply to persons convicted on or after July 1, 2014[.]

(Emphasis added). Based on our decision in *Sinko*, and this recent revision to section 47-7-3(f), Odom's conviction for the sale of methamphetamine is parole-eligible.

¶8. While both our *Sinko* decision and the 2016 revision to section 47-7-3(f) have occurred since the trial court's order, an appellate court must generally "apply the law in effect at the time it renders its decision." *Thorpe v. Hous. Auth. of City of Durham*, 393 U.S. 268, 281 (1969); *see also Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 711 (1974) (noting "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary"). The Supreme Court of Louisiana in *Segura v. Frank*, 630 So. 2d 714, 725-27 (La. 1994), reasoned:

[A]n appellate court is bound to adjudge a case before it in accordance with the

law existing at the time of its decision. Where the law has changed during the pendency of a suit and retroactive application of the new law is permissible, the new law applies on appeal even though it requires reversal of a trial court judgment which was correct under the law in effect at the time it was rendered.

 . . . .

[A] claim is pending as long as it is subject to judicial scrutiny. Even though a lower court has adjudicated a claim and rendered judgment, the claim continues to be pending until appeal of that judgment has been exhausted. . . . In other words, a claim "pending appeal," as that phrase is commonly understood in a legal context, is a pending claim.

(Citations and emphasis omitted).

¶9.    Accordingly, we reverse and render the judgment.

¶10.    **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**