# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00758-COA

RICKY EUGENE JOHNSON A/K/A BURNT FACE A/K/A DICK TRACY A/K/A RICKY E. JOHNSON A/K/A RICKY JOHNSON

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/20/2015 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RICKY EUGENE JOHNSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSEPH SCOTT HEMLEBEN |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 11/08/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES, ISHEE AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

## PROCEDURAL HISTORY

¶1. On August 1, 2013, Ricky Johnson pleaded guilty to sale of a controlled substance. The Marion County Circuit Court sentenced Johnson to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years to serve and the remaining ten years under postrelease supervision.

¶2. On November 21, 2014, Johnson filed a motion to correct his sentence, arguing that

the MDOC improperly altered his parole eligibility and denied him jail-time credits. The trial court denied this motion. Johnson then filed several more motions—for reconsideration, for a writ of mandamus, and for clarification.

¶3. The trial court granted the motion for reconsideration, finding that it had denied Johnson's motion to correct for the wrong reason. The trial court determined that Johnson had failed to seek relief through the MDOC's Administrative Remedy Program (ARP) and denied the motion to correct.

¶4. On May 15, 2015, the trial court stayed the proceedings for ninety days so Johnson could submit evidence that he had in fact exhausted all administrative remedies through the MDOC before seeking relief in the trial court. *See* Miss. Code Ann. § 47-5-803(2) (Rev. 2015).

¶5. Johnson did not submit the required evidence. Instead, Johnson appealed the trial court's decision. He asserts the following issues: (1) his parole-eligibility status was unlawfully changed; (2) his jail-time credits were miscalculated; and (3) his sentence should not have been ordered to run consecutively to a prior sentence.

## DISCUSSION

### I. Parole Eligibility

¶6. Johnson first contends the amendments to Mississippi Code Annotated section 47-7-3[1] affected his parole eligibility and subjected him to an ex post facto law. We first note that

---

[1] Section 47-7-3 was amended by House Bill 585 and became effective July 1, 2014. *See* 2014 Miss. Laws ch. 457, § 40. This occurred well after Johnson committed the charged offense and was convicted and sentenced.

the State argues this Court does not have jurisdiction as Johnson failed to complete the ARP before filing his grievance in the circuit court. However, "an inmate may also challenge his parole eligibility as an original action in a circuit court." *McGovern v. State*, 89 So. 3d 69, 71 (¶6) (Miss. Ct. App. 2011).

¶7. Johnson was ineligible for parole under the old version of section 47-7-3. *See* Miss. Code Ann. § 47-7-3(1)(h) (Rev. 2011). But the amendments to section 47-7-3 made changes to parole eligibility. *See* Miss. Code Ann. § 47-7-3(1)(f) (Rev. 2015). The statute now allows for the following: "An offender incarcerated for committing the crime of sale or manufacture of a controlled substance shall be eligible for parole after serving one-fourth (¼) of the sentence imposed by the trial court." Thus, Johnson's conviction for sale of a controlled substance is parole-eligible. We reverse and render the trial court's decision regarding Johnson's parole-eligibility.

## II. Consecutive Sentences

¶8. Johnson contends that he should not be serving consecutive sentences. At the time he committed the offense, Johnson was on parole for a prior conviction. In his reply brief, he appears to concede the issue. Regardless, Mississippi Code Annotated section 99-19-21(2) (Rev. 2015) states that

> [w]hen a person is sentenced to imprisonment for a felony committed while the person was on parole, probation, earned-release supervision, post-release supervision or suspended sentence, the imprisonment shall commence at the termination of the imprisonment for the preceding conviction. The term of imprisonment for a felony committed during parole, probation, earned-release supervision, post-release supervision or suspended sentence shall not run concurrently with any preceding term of imprisonment.

3

Thus, Johnson's consecutive sentence was proper. This issue is without merit.

### III. Jail-Time Credits

¶9. Finally, Johnson claims MDOC denied him 188 days in jail-time credits between January 26, 2013, and August 1, 2013. However, in this instance, Johnson was required to exhaust his administrative remedies prior to seeking relief from the trial court. Johnson attached a First Step Response form to his appellate brief reflecting the MDOC's response to his jail-time-credit claim.[2] There is no evidence that Johnson proceeded to the next step prior to seeking judicial review.[3] Johnson should complete the steps required by the ARP. After a final decision by the MDOC, he can then seek judicial review. *See* Miss. Code Ann. § 47-5-807 (Rev. 2015); *Chapell v. State*, 107 So. 3d 1003, 1010 (¶25) (Miss. Ct. App. 2012). The trial court correctly denied Johnson's motion.

¶10. **THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED IN PART, AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.**

---

[2] Johnson also included another First Step Response form that dealt with his parole-eligibility claim. It does not appear these two forms are part of the trial record. Technically, they are outside our review. *See Webster v. State*, 152 So. 3d 1200, 1202 n.2 (Miss. Ct. App. 2014).

[3] During the pendency of his appeal, Johnson filed a "motion to proceed," in which he claims to have received a final decision by the MDOC. However, this letter merely states that Johnson's claim "concerning [his] sentences" was not accepted because Johnson indicated the issue he raised was "already being addressed by the courts" and "ARP handles matters outside litigation." The letter is silent as to which specific issue Johnson raised in his claim. The State also filed a motion to dismiss for lack of jurisdiction, arguing that Johnson failed to exhaust his administrative remedies. Our discussion in Issues I and III resolves these motions. Johnson's motion to proceed is moot, and the State's motion to dismiss is denied.

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**