858 So.2d 936 (2003)
Timothy LATTIMORE, Appellant,
v.
Emmitt SPARKMAN, Appellee.
No. 2002-CA-01544-COA.
Court of Appeals of Mississippi.
November 4, 2003.
*937 George T. Kelly, Greenville, attorney for appellant.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. Timothy Lattimore filed a petition in the Circuit Court of Sunflower County to have made what he considered to be a correction to his parole eligibility date. The circuit judge denied any relief. We find that the court properly interpreted the statute on parole. We affirm.

STATEMENT OF FACTS
¶ 2. In September 1991, Lattimore was convicted of armed robbery when he was sixteen years old. He was given a fifteen year sentence, which was suspended conditioned upon his successful completion of the Regimented Inmate Discipline program. Lattimore completed the program. A few months later while on supervised probation, Lattimore was charged and convicted of the sale of cocaine. His probation was revoked and his fifteen year sentence for armed robbery was imposed. On the new charges, Lattimore was sentenced to thirty years' imprisonment for the sale of cocaine and five years for conspiracy. The sentences were to run concurrently with each other. However, these sentences were consecutive to the earlier fifteen year sentence.
¶ 3. While in prison, Lattimore received sentence computation sheets that indicated a parole eligibility date of April 15, 2002. He was later notified that this date had been changed to October 2004. Lattimore first contested this change within the prison system through the administrative remedies program. His request to change his parole eligibility date back to 2002 was *938 denied. Lattimore then filed what he called a "Petition for Writ of Habeas Corpus and/or Other Relief" in the Sunflower County Circuit Court.
¶ 4. A hearing was held on the petition. The assistant director of records at the Parchman Prison testified that there had been an error concerning the actual date of Lattimore's imprisonment. She testified that Lattimore had mistakenly been given more credit for time served on probation than he should have received. She stated that this error was discovered when the prison updated its records and an audit was performed. The court denied any relief, and Lattimore appealed.

DISCUSSION
1. Jurisdiction
¶ 5. The State argues that this case should have been dismissed on the basis that the circuit court lacked jurisdiction. Lattimore first pursued relief under the internal prison grievance procedure, but then did not timely appeal. Miss.Code Ann. § 47-5-801-807 (Rev.2000). If the final result of the grievance procedure is unsatisfactory to the inmate, he has thirty days to seek judicial review. Miss.Code Ann. § 47-5-807 (Rev.2000). More than thirty days passed after the resolution of his administrative grievance before Lattimore filed his petition in the circuit court. The circuit court refused to dismiss, saying only that Lattimore "will not be held" to the time limit.
¶ 6. The appellate courts have previously been confronted with inmates who have sought judicial review of the length of their sentence and the proper date for parole. See, e.g., Hill v. State, 838 So.2d 994, 997-98 (¶ 11) (Miss.Ct.App.2002). In Hill we noted that there were precedents that allowed inmates to have judicial review of whether their sentences contained proper credits for earned time that would cause reductions in their sentences. Wilson v. Puckett, 721 So.2d 1110, 1111-12 (Miss. 1998); Williams v. Puckett, 624 So.2d 496, 497 (Miss.1993). These were brought as habeas corpus suits directly in circuit court. The Supreme Court did not discuss whether the administrative remedy program should have been utilized.
¶ 7. An administrative remedy is available for situations "arising from policies, conditions, or events within the Department of Corrections" that affect an inmate personally. MISS. DEP'T. CORR. ADMIN. REMEDY PROGRAM PROCEDURES 1. Listed in the Department's explanation of the program is the right to seek review of such matters as lost property claims, staff conduct, conditions of confinement, policy and procedure, incidents, reprisals for using this process, mail and packages; and classification (to include discipline). Id. Parole eligibility is not listed, but we do not suggest that it would be improper for an inmate to pursue a change to his parole eligibility date by using the internal grievance procedure. We find though, in light of the case law that we have briefly discussed and which was more thoroughly reviewed in Hill, that an inmate may contest matters such as this as an original action in circuit court.
2. Interpretation of statute on date of parole eligibility
¶ 8. Lattimore argues that the statute concerning parole eligibility has been incorrectly interpreted. The principal ambiguity is whether the statute requires that a person with a thirty year sentence such as Lattimore to serve at least ten years of that sentence before he is eligible for parole, or need only serve one-fourth of the sentence, which is seven and a half years. Here is the statute:

*939 Every prisoner who has been convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi State Penitentiary for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the Penitentiary, and who has served not less than one-fourth (1/4) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided....
Miss.Code Ann. § 47-7-3(1) (Rev.2000).
¶ 9. The problem is obvious enough. In the tradition of statutes, this contains one long sentence with many dependent and independent clauses. The statute provides as the usual rule that an inmate serve one fourth of the sentence before parole eligibility. Then the statute provides two caveats: "or, if sentenced" to thirty years or more, "or, if sentenced" to a life term, and "has served not less than ten (10) years of such life term," the inmate may be considered for parole. Both of these situations a sentence of at least thirty years or a life sentenceare written as alternatives to what has been stated earlier in the statute Yet oddly, when the ten year minimum is stated, it literally applies only to "such life term" without any stated application to sentences of thirty years or more. From this, Lattimore argues that the one-fourth rule must apply.
¶ 10. The statute has the feel of one that has been amended and the pieced-together new version does not fit together seamlessly. We examined the early amendment history of the parole statute.
¶ 11. The earliest version of this statute was adopted in 1944. It provided that any inmate sentenced to a year or more in the state penitentiary, "who has served not less than one-third of the total of such term or terms for which such prisoner was sentenced, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten years of such life sentence," may be released on parole. 1944 Miss. Laws ch. 334, § 2. Therefore, the 1944 statute only provided two categoriesan inmate had to serve one-third of a sentence of a specific term of years, and had to serve ten years of a life sentence.
¶ 12. Just two years later, the legislature decided that certain longer sentences needed to be treated differently. As in the present statute, three categories of sentences were discussed:
Every prisoner who ... is confined ... in the Mississippi state penitentiary, for a definite term, or terms, of one year or over ..., who has served not less than one-third of the total of such term ..., or, if sentenced for the term of the natural life of such prisoner, or if sentenced for a period of thirty years or more, and has served not less than ten years of such life sentence or ten years of such sentence of thirty years or more, may be released on parole....
1946 Miss. Laws ch. 486, § 2 (emphasis added). Here the legislature was clear even if wordy. An inmate was required to serve ten years of a life sentence or ten years of a sentence of thirty years or more before becoming eligible for parole.
¶ 13. Today's ambiguity crept into the statute with the next amendment, which was in 1950. The statute withdrew parole eligibility from anyone who had been convicted three times of a felony and added a requirement that any sex offender first be *940 examined by a psychiatrist to determine if he was "of a normal and sound mind." 1950 Miss. Laws ch. 524, § 4. The language that concerns us was essentially unchanged, except it was shortened into the present confusion: a prisoner "who has served not less than one-third of the total of such term or terms ..., or, if sentenced to serve a term or terms of thirty years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten years of such life sentence, may be released on parole...." Id. Why the phrase "or ten years of such sentence of thirty years or more" was dropped is a mystery. It could have been an oversight as this cumbersome language was revised to include the new considerations about multiple felonies and sex crimes. It could have been a draftsman's belief that the language was redundant, though it was not. However, if an effort was being made to make the one-third rule apply to those serving long sentences of a specific number of years when previously and conclusively the ten year minimum had applied, there was no language adopted to reflect such a change.
¶ 14. Before the 1950 amendment, someone with a sentence of thirty years or more clearly had to serve ten years before being eligible for parole. After the amendment, we find no reasonable manner to interpret the statute differently. The present statute requires serving one-fourth of sentences of less than thirty years, but the operative language otherwise is the same.
¶ 15. The statute is ambiguous. There are two categories of exceptions to the requirement of serving one-fourth of a sentence, but the statute explicitly gives a minimum length sentence prior to parole eligibility for only one of the two categories. Nonetheless, this review of the history of the statute is convincing evidence that ambiguity but not change occurred in 1950.
¶ 16. In addition, Parchman's assistant director of records stated that during her lengthy career at the prison, serving ten years has been the minimum for sentences greater than thirty years. This is a sufficiently settled interpretation at the agency entrusted with applying this statute as to allow deference to be given to it. Miss. Gaming Comm'n v. Six Elec. Video Gambling Devices, 792 So.2d 321, 328-29 (Miss.Ct.App.2001).
¶ 17. The statute requires Lattimore to serve at least ten years of his thirty year sentence prior to being eligible for parole. We affirm the denial of any relief.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.