## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CT-01050-SCT

*KENNETH W. KEYS*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 05/27/2009 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HERBERT H. KLEIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL<br>BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND RENDERED - 08/11/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Kenneth W. Keys was eligible for parole on a life sentence but ineligible for parole on a five-year sentence for a later, simple-assault conviction. The Forrest County Circuit Court held he is not now eligible for parole on either conviction because he cannot begin serving the five-year sentence until he completes the life sentence. The Court of Appeals reversed the trial court's ruling, holding that the trial court lacked jurisdiction to consider the issue. Because the trial court did have jurisdiction, and because Keys remains parole-eligible on his life sentence, we reverse and render.

**BACKGROUND FACTS AND PROCEEDINGS**

¶2. On February 6, 1987, Keys pleaded guilty to murder, and the Forrest County Circuit Court ordered him to serve a life sentence in the custody of the Mississippi Department of Corrections (MDOC). Under the statute then in effect,[1] Keys was eligible for parole after serving ten years of his life sentence. The MDOC paroled Keys in November 1998, but, for reasons not stated in the record, revoked his parole in April 2002.

¶3. The MDOC again paroled Keys in August 2002, and his parole was again revoked when he was charged with simple assault of a police officer. He was convicted and received a five-year sentence to run consecutively to his previously imposed life sentence. Because Keys was a subsequent offender, he was ineligible for parole on his five-year sentence.[2]

¶4. When Keys's inmate time sheet reflected he was ineligible for parole or any other early release, he filed a motion to mandate parole eligibility, arguing that – even though he was ineligible for parole on the five-year sentence – he retained parole eligibility on his 1987 life sentence. Treating Keys's motion as one for post-conviction relief (PCR), the trial court denied the motion and relied on Section 99-19-21 to determine that Keys could not begin serving his five-year sentence until the end of his life sentence.

¶5. The Court of Appeals reversed, finding the trial court lacked jurisdiction to consider Keys's motion. After the Court of Appeals denied his motion for rehearing, he petitioned

---

[1] Miss. Code Ann. § 47-7-3(1) (Rev. 2004).

[2] Section 47-7-3, provides, in part, that "[n]o person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995, except that a first offender convicted of a nonviolent crime after January 1, 2000, may be eligible for parole if the offender meets the requirements in subsection (1) and this paragraph." Miss. Code Ann. § 47-7-3(1)(h) (Supp. 2010).

this Court for a writ of certiorari. We granted his petition and now hold that the trial court had jurisdiction to hear his motion, and that he remains eligible for parole on his life sentence.

**ANALYSIS**

*The trial court had jurisdiction to address Keys's petition.*

¶6.     The Court of Appeals opined that the PCR motion was procedurally improper because Keys did not follow the MDOC's administrative procedures to review inmates' complaints,[3] which required him to seek relief through the MDOC's administrative-review process. Because Keys did not file a grievance through that procedure or exhaust his administrative remedies, the Court of Appeals held that both the trial court and appellate court lacked jurisdiction to hear the substance of Keys's appeal.

¶7.     Keys argues that his motion was not administrative in nature but actually a petition for habeas corpus, and that it was properly adjudicated under the PCR framework. The Mississippi Constitution guarantees the right of habeas corpus,[4] and the circuit court has original jurisdiction over such matters.[5] Also, although Keys's motion was not termed a habeas corpus petition, Section 99-39-5 of the PCR statutes provides that the PCR procedure applies to claims in which an inmate alleges that "his sentence has expired; his probation,

---

[3] "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative-review procedure under sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Miss. Code Ann. § 47-5-807 (Rev. 2004).

[4] Miss. Const. art. 3 § 26.

[5] Miss. Const. art. 6 § 156.

3

parole or conditional release [was] unlawfully revoked; or [that] he is otherwise unlawfully held in custody."[6] Furthermore, as a habeas corpus petition, the trial court had jurisdiction under Section 99-39-3, which provides that the PCR article replaces all post-conviction habeas corpus writs.[7] Keys correctly filed his motion in the trial court, as allowed by the Mississippi Constitution, and as allowed by Section 99-39-7, which provides that PCR motions "shall be filed as an original civil action in the trial court."

¶8.    We agree with Keys that exhaustion of administrative remedies was not necessary. On two prior occasions, this Court considered a prisoner's post-conviction claim regarding sentence computation and parole eligibility but did not require exhaustion of administrative remedies.[8] In *Williams v. Pucket* and *Wilson v. Pucket*, the inmates filed petitions for post-conviction relief, challenging the MDOC's calculation of parole and "earned time" release dates.[9] In each case, this Court addressed the merits of their claims without discussing whether either inmate should have exhausted their remedies through the MDOC's administrative-review procedure.[10]

---

[6] Miss. Code Ann. § 99-39-5(g) (Rev. 2007).

[7] Section 99-39-3 provides, in part, that "this article . . . abolishes the common law writs relating to post-conviction collateral relief, including by way of illustration but not limitation, error coram nobis, error coram vobis, and *post-conviction habeas corpus*." Miss. Code Ann. § 99-39-3 (Rev. 2007) (emphasis added).

[8] *Williams v. Puckett*, 624 So. 2d 496 (Miss. 1993); *Wilson v. Puckett*, 721 So. 2d 1110 (Miss. 1998).

[9] *Williams*, 624 So. 2d at 497; *Wilson*, 721 So. 2d at 1111.

[10] *Williams*, 624 So. 2d at 497; *Wilson*, 721 So. 2d at 1111-12.

¶9.     We find it surprising that the Court of Appeals declined to follow those cases and the precedent of the Court of Appeals, itself, set in ***Lattimore v. Sparkman***,[11] in which an inmate filed a petition in circuit court, seeking a correction in his parole eligibility date.[12] Addressing the jurisdictional issue, the Court of Appeals relied on ***Wilson*** and ***Williams*** and held that "an inmate may contest matter[s] such as [the correct computation of a parole eligibility date] as an original action in circuit court."

*Keys remains eligible for parole on his life sentence.*

¶10.    Section 99-19-21 provides that:

> (1)     When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the *imprisonment* for the preceding conviction or run concurrently with the preceding conviction.

> (2)     When a person is sentenced to imprisonment for a felony committed while the person was on parole, probation, earned-release supervision, post-release supervision or suspended sentence, the imprisonment shall commence at the termination of the *imprisonment* for the preceding conviction. The term of imprisonment for a felony committed during parole, probation, earned-release supervision, post-release supervision or suspended sentence shall not run concurrently with any preceding term of imprisonment. If the person is not imprisoned in a penitentiary for the preceding conviction, he shall be placed immediately in the custody of the Department of Corrections to serve the term of imprisonment for the felony committed while on parole, probation, earned-release supervision, post-release supervision or suspended sentence.[13]

---

[11] ***Lattimore v. Sparkman***, 858 So. 2d 936 (Miss. Ct. App. 2003).

[12] *Id*. at 937.

[13] Miss. Code Ann. § 99-19-21 (Rev. 2007) (emphasis added).

¶11.   Keys acknowledges that he is not parole-eligible on his second sentence, but he argues that he remains parole-eligible on the original life sentence. The State insists that Section 99-19-21 is an impediment to parole on the original life sentence and that Keys cannot begin serving his non-parole-eligible sentence until the expiration of his previous term of life imprisonment. The trial court agreed with the State and interpreted Section 99-19-21 to mean that Keys could not begin serving his second, five-year sentence until the end of his original life sentence, which is the rest of his life.

¶12.   We disagree with the trial court's interpretation of Section 99-19-21, and we hold that it is not an impediment to Keys's parole eligibility. The statute does not say that imprisonment for the second sentence shall commence at the termination of the preceding conviction's *sentence*; rather, it reads that the imprisonment shall begin at the termination of the preceding conviction's *imprisonment*. In the event Keys is granted parole on his life sentence, his imprisonment for that crime will end, and he then must begin serving his mandatory five-year sentence.

**CONCLUSION**

¶13.   We find that the Forrest County Circuit Court had jurisdiction to hear Keys's motion and that Section 99-19-21 is not an impediment to Keys's eligibility for parole on his life sentence, so we reverse the judgments of the trial court and the Court of Appeals and render judgment.

¶14.   **REVERSED AND RENDERED**.

**WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.**