MAXWELL, J„
for the Court:
¶ 1. Michael Ducksworth’s motion for post-conviction relief (PCR) claiming an “illegal-sentence” is really a challenge to his parole-eligibility date. The Forrest County Circuit Court found Ducksworth’s motion was untimely based on the PCR statute’s three-year time-bar. We too find Ducksworth’s motion was filed too late— not because of the PCR statute’s three-year time limit but because the issue of his parole eligibility is moot.
¶2. A case is moot when a the relief sought would be of no practical benefit. By the time Ducksworth filed his motion, the Mississippi Parole Board had acknowledged Ducksworth’s parole eligibility but denied him parole. Because Ducks-worth has already received the remedy he seeks — a parole hearing — we affirm the judgment dismissing his motion.
Background
¶ 3. In May 2009, Ducksworth filed a claim through the Mississippi Department of Corrections’ Administrative Remedy Program.[1] He asserted his parole-date eligibility date had been miscalculated.
¶ 4. Ducksworth is serving two consecutive life sentences for murder. Ducks-worth had pled guilty to both homicides, and his judgment of conviction was entered in March 1989. The judgment ordered the two back-to-back life sentences to run concurrently with a five-year burglary sentence. According to Mississippi’s parole-eligibility statute, Ducksworth had to serve at least one fourth of his burglary sentence and ten years for each murder sentence before becoming eligible for parole. See Miss.Code Ann. § 47-7-3(1) (Rev.2011). Because the burglary sentence was concurrent with the life sentences, he became parole eligible in August 2008, the twentieth anniversary of his incarceration, when factoring in earned time.
¶ 5. According to records attached to Ducksworth’s motion, back in January 2003 the MDOC calculated his parole-eligibility date to be November 2009. The MDOC had calculated this date by starting with Ducksworth’s parole-eligibility date for the burglary sentence, November 9, 1989, and adding on twenty years for the murder sentences. Ducksworth claims this made his burglary sentence consecutive, not concurrent, contradicting his sentencing order.
¶ 6. On October 6, 2009, the Parole Board took action. Acknowledging Ducks-worth’s parole-eligibility date as August 5, 2008, the Parole Board denied Ducksworth parole for a litany of reasons,[2] including an insufficient amount of time served, and continued his next parole hearing until October 2012.
*764 ¶ 7. In May 2011, Ducksworth filed a PCR motion in the Forrest County Circuit Court. He claimed his sentence was “illegal” because “his parole date was not honored on the day he should have become eligible by the fact that his general burglary conviction ran consecutively with his two (2) life sentences[,] when this court ordered the burglary sentence to run concurrently with the two (2) life sentences[.]”
¶ 8. The circuit court summarily dismissed Ducksworth’s motion based on Mississippi Code Annotated section 99-39-5(2) (Supp.2012), which requires a petitioner to file his PCR motion within three years of the entry of a judgment following a guilty plea, with certain exceptions not present in Ducksworth’s case.
¶ 9. Ducksworth timely appealed.[3]
Discussion
¶ 10. Ducksworth claims he received an illegal sentence. He does so because the right to a legal sentence is a fundamental constitutional right, and an illegal-sentence claim is not subject to section 99-39-5(2)’s three-year time limit. See, e.g., Ivy v. State, 731 So.2d 601, 603 (¶¶ 13-14) (Miss.1999) (holding “that errors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from” the three-year time-bar); Weaver v. State, 785 So.2d 1085, 1087 (¶ 6) (Miss.Ct.App.2001) (holding PCR motions “alleging an illegal sentence are not subject to the time[-]bar”).
¶ 11. But what Ducksworth is really challenging is the MDOC’s calculation of his parole-eligibility date. In other words, he is not arguing the circuit court illegally sentenced him to a five-year sentence for burglary and two consecutive life sentences for murder. Instead, he takes issue with how the MDOC calculated his parole-eligibility date based on those sentences.
¶ 12. “[Pjarole eligibility is a matter of legislative grace[.]” Rochell v. State, 36 So.3d 479, 482 (¶ 9) (Miss.Ct.App.2010) (citations omitted). It is not a matter of fundamental constitutional rights because “prisoners have no constitutionally recognized liberty interest in parole.” Vice v. State, 679 So.2d 205, 208 (Miss.1996) (quotations and citations omitted).
¶13. While Ducksworth’s parole-eligibility claim does not fall -within the fundamental-constitutional-rights exception, we find section 99-39-5(2)’s three-year time limit inapplicable to a parole-eligibility claim.
¶ 14. This court has recognized parole-eligibility claims as original actions that can be brought in circuit court. Lattimore v. Sparkman, 858 So.2d 936, 938 (¶¶ 6-7) (Miss.Ct.App.2003) (citing Wilson v. Puckett, 721 So.2d 1110, 1111-12 (¶¶ 5-10) (Miss.1998); Williams v. Puckett, 624 So .2d 496, 497 (Miss.1993); Hill v. State, 838 So.2d 994, 997-98 (¶ 11) (Miss.Ct.App.2002)).[4] Citing Lattimore with approval, the supreme court recently affirmed the *765 circuit court’s jurisdiction to consider a parole-eligibility claim and considered such a claim on appeal. Keys v. State, 67 So.3d 758, 760 (¶¶ 8-9) (Miss.2011). While the supreme court also cited the PCR statute as a source of jurisdiction, id. at (¶ 7), the supreme court did not apply section 99-S9-5(2)’s three-year time limit, or any of its exceptions, to the inmate’s parole-eligibility claim. See Keys, 67 So.3d at 760-61 (¶¶ 10-12).
¶ 15. Applying section 99-39-5(2)’s three-year time limit would lead to an absurd result. Unlike a sentencing claim, which is based on the trial court’s sentencing order entered as part of the judgment of conviction, a parole-eligibility claim is based on the MDOC’s actions after the entry of the judgment of conviction. But section 99-39-5(2) requires that, when a defendant pleads guilty, a PCR motion “shall be made ... within three (3) years after entry of the judgment of conviction.” The entry of a judgment of conviction based on Ducksworth’s guilty pleas occurred on March 10, 1989. Were section 99-39-5(2) applicable, the time for Ducks-worth to file his parole-eligibility claim would have expired in March 1992 — eleven years before the MDOC miscalculated his parole-eligibility date as November 2009, instead of August 2008. Thus, we find section 99 — 39—5(2)’s three-year time limit did not apply to Ducksworth’s parole-eligibility claim.
¶ 16. That said, we still find Ducksworth’s motion, filed with the circuit court in May 2011, was properly dismissed for being filed too late. At the time Ducksworth filed his motion, his parole-eligibility claim was moot.
¶ 17. “A case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant.” Fails v. Jefferson Davis Cnty. Pub. Sch. Bd., 95 So.3d 1223, 1225 (¶ 10) (Miss.2012) (quoting Gartrell v. Gartrell, 936 So.2d 915, 916 (¶ 8) (Miss.2006)). By the time Ducks-worth filed his PCR motion, the Parole Board had acknowledged Ducksworth’s parole eligibility of August 2008, had given him a hearing in October 2009, and had denied him parole. So the circuit court’s consideration of Ducksworth’s claim that his parole-eligibility date was actually August 2008 would be of no practical benefit to Ducksworth. Had he brought the matter to the circuit court’s attention before August 2008, the circuit court could have ordered the MDOC to recalculate Ducks-worth’s parole-eligibility date. But by 2011, any controversy regarding Ducks-worth’s parole-eligibility no longer existed. See id. (holding appellate court’s have no authority to review actual controversies that have expired).
¶ 18. Because Ducksworth’s claim is moot, we affirm the circuit court’s judgment dismissing Ducksworth’s motion.
¶ 19. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. Ducksworth had initially filed a claim a month earlier, but his first claim was returned within a few weeks for failure to state a clear complaint.

. The Parole Board gave eight reasons for denying Ducksworth parole:
(1) the serious nature of his offenses,
(2) the number of offenses he committed,
(3) the fact he had violated his probation,
(4) institutional disciplinary reports,
(5) recent and/or pending disciplinary reports,
(6) the community's opposition to his parole,
(7) the insufficiency of the amount of time Ducksworth had served, and
(8) the Board’s belief that Ducksworth lacked the ability or willingness to fulfill the obligations of a law-abiding citizen.

. In addition to asserting his "illegal-sentence” claim is not time-barred, Ducksworth's appellate brief addresses his November 2011 writ of mandamus, which we denied by order in December 2011. While Ducksworth claims we failed to address his 1991 "writ of habeas corpus” in our order, there is simply no record evidence before us that such a writ was filed and is still pending in the Forest County Circuit Court. The only evidence Ducksworth puts forward is a 1994 letter from his then-counsel informing Ducksworth that her "office is currently looking into the Petition For Writ of Habeas Corpus that you filed in 1991.” This letter neither cites a docket number or court where such a writ was filed nor is evidence the writ was still pending. Because Ducksworth presents no record evidence such a writ was filed and is still pending in the Forest County Circuit Court, we find this issue lacks merit.

. This remedy is not exclusive. In Lattimore, we noted it is also proper to challenge to an inmate’s parole-eligibility date through the *765 MDOC's internal grievance procedure. Latti-more, 858 So.2d at 938 (¶ 7).