# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-01311-COA

MARCUS McFARLAND                                          APPELLANT

v.

STATE OF MISSISSIPPI, BY AND THROUGH          APPELLEES
LYNN FITCH, MISSISSIPPI ATTORNEY
GENERAL; NATHAN CAIN, COMMISSIONER
OF MISSISSIPPI DEPARTMENT OF
CORRECTIONS; DEREK MINGO, WARDEN OF
MARION COUNTY CORRECTIONAL
FACILITY; AND STEVEN PICKETT,
MISSISSIPPI PAROLE BOARD CHAIRMAN

| | |
|---|---|
| DATE OF JUDGMENT: | 11/02/2021 |
| TRIAL JUDGE: | HON. CHARLES W. WRIGHT JR. |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN S. GRANT IV |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DOUGLAS T. MIRACLE |
| | KIMBERLY PINE TURNER |
| | JESSICA LEANN RICE ROBINSON |
| | WILLIAM ROBERT ALLEN |
| | LANCE WESLEY MARTIN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 02/14/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.    In September 2021, Marcus McFarland filed a petition in the Clarke County Circuit Court to correct his eligibility for parole. Considering the petition as a motion to modify his sentence, the circuit court summarily "denied" it for lack of jurisdiction because it was filed

after the term in which McFarland was originally sentenced. In addition, the circuit court, quoting language from the current parole statute,[1] held that McFarland was not entitled to parole because he was convicted of drug trafficking. McFarland appeals arguing that his petition was not a motion to modify his sentence but rather an original action pleading that he was eligible for parole after ten years. Further, McFarland argues that the circuit court erroneously applied a provision of the parole statute that was not in effect at the time he was sentenced. After a review of the record and arguments of counsel, we affirm the circuit court's order in part, reverse it in part, and render judgment regarding jurisdiction.

**Facts**

*A.      Original Conviction, Sentence, and Sentencing Order*

¶2.      In September 2018, McFarland and his co-defendant, Jermeka Blakely, were convicted of trafficking 118.379 grams of cocaine in August 2017 in violation of Mississippi Code Annotated section 41-29-139(f) (Supp. 2016). This section specifically provided:

> Any person trafficking in controlled substances shall be guilty of a felony and, upon conviction, shall be imprisoned for a term of not less than ten (10) years nor more than forty (40) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00). *The ten-year mandatory sentence shall not be reduced or suspended. The person shall not be eligible for probation or parole, the provisions of Sections 41-29-149, 47-5-139, 47-7-3 and 47-7-33, to the contrary notwithstanding.*

Miss. Code Ann. § 41-29-139(f)(1) (Supp. 2016) (emphasis added). At the sentencing hearing, the circuit court stated:

---

[1] Mississippi Code Annotated section 47-7-3(1)(f) (Supp. 2022) specifically states, "No person sentenced for trafficking and aggravated trafficking, as defined in Section 41-29-139(f) through (g), shall be eligible for parole."

The Court is taking under consideration the Statute 41-29-139(f), which provides that there is a mandatory sentence of not less than 10 years, no more than 40 years, and a fine of $5,000 at a minimum and no more than a million dollars. The ten-year mandatory sentence shall not be reduced or suspended. The Court had reviewed the statute, and it's the Court's opinion that any sentence above the ten-year minimum mandatory sentence, that the defendants would be eligible for parole; however, the Mississippi Department of Corrections, the parole board or the government authorities that - - administer any type of parole, therefore, the Court would not have any authority.

The Court must consider the nature and the circumstances of the offense and the history and characteristics of each defendant. There is a balancing test that the Court is required to review, that there is a need for adequate deterrence to criminal conduct, particularly here in Clarke County, and there is a requirement that the Court must consider the protection of the public from further crimes of the defendant. The Court notes in the presentence report the substantial amount of cocaine in which the defendants were convicted of, and the trafficking conviction carries a harsher sentence requirement of the Court.

The Court does not find any mitigating circumstances that would allow the Court to consider a sentence reduction as to mitigation.

The Court noted that both defendants had ownership of weapons at the time of the arrest of this Mr. McFarland, when he fled, and also at the time of the conviction in which Mr. Blakely claimed ownership of a handgun that was in the car.

. . . .

It's the sentence of the Court as to the Defendant McFarland, that you be sentenced to 20 years in an institution to be designated by the Mississippi Department of Corrections, that you pay court costs of $445.50. There's no bond fee. There's a lab fee of $20.

As to each of you, there is a fine of $10,000, as to McFarland and as to Mr. Blakely.

That'll be the sentence of the Court. These defendants will remain in custody of the Clarke County Sheriff's Office to await transportation to the Mississippi Department of Corrections. Are there any matters further on behalf of the defendants?

3

BY MR. PETERSON:      None on -

BY THE COURT:        On behalf of the State?

BY MS. COLEMAN:      No, Your Honor.

BY THE COURT:        Then we'll be in recess.

The circuit court's subsequent written sentencing order read:

> ORDERED AND ADJUDGED that the defendant [McFarland] is sentenced
> to serve a term of TWENTY (20) YEARS in the custody of the Mississippi
> Department of Corrections. The first TEN (10) YEARS of said sentence shall
> not be eligible for parole or probation pursuant to Section 41-29-139(f)(1),
> Mississippi Code of 1972, as amended.

### B.    McFarland's Direct Appeal

¶3.    McFarland appealed his conviction and, among other things, he challenged the constitutionality, but not the interpretation, of section 41-29-139(f) as to his eligibility for parole. *McFarland v. State*, 297 So. 3d 1110, 1115 (¶16) (Miss. Ct. App. 2020). In reciting the facts of the case, this Court noted that "the trial court sentenced McFarland to serve a term of twenty years in the custody of the Mississippi Department of Corrections (MDOC), with McFarland being ineligible for parole or probation during the first ten years of the sentence pursuant to section 41-29-139(f)(1)." *Id*. at (¶15). However, this did not constitute any holding on the interpretation of the statute or on whether McFarland would be eligible for parole at any time during his sentence. We found no merit to McFarland's claim concerning the constitutionality of the statute and upheld the authority of the Legislature and trial courts in the area of sentencing. *Id*. at (¶18).

### C.    McFarland's Application to File for Post-Conviction Relief

¶4. On June 18, 2021, McFarland filed an application with the Mississippi Supreme Court for leave to file a motion for post-conviction relief (PCR). Motion, *McFarland v. State*, No. 2021-M-00671 (June 18, 2021). As proposed grounds for a PCR motion, McFarland claimed that he received ineffective assistance of counsel and that the MDOC had wrongly calculated his sentence as a twenty-year sentence without eligibility for parole.

¶5. On September 8, 2021, the supreme court denied McFarland's application as to the ineffective assistance claim but dismissed the sentencing-calculation claim without prejudice, stating that it was appropriate for such a matter to be considered through the MDOC's administrative remedies program (ARP).

### D. McFarland's ARP Complaint

¶6. On September 10, 2021, McFarland filed a formal complaint with the MDOC's ARP. McFarland pointed to the wording of the sentencing order, which he claimed clearly sentenced him to only ten years of mandatory service without eligibility for parole, after which he would be eligible for parole during the remaining ten years.[2]

### E. McFarland's Petition Filed in Circuit Court

¶7. Before receiving any response to his ARP complaint, on September 30, 2021, McFarland filed a petition to correct his parole eligibility in the Clarke County Circuit Court. He cited *Ducksworth v. State*, 103 So. 3d 762, 764 (¶14) (Miss. Ct. App. 2012), asserting that

---

[2] We have learned that McFarland also filed a petition for writ of habeas corpus in federal court on September 10, 2021, alleging the same issues as those contained in this appeal. Petition, *McFarland v. Fitch*, No. 2:21-cv-00117-TBM-FKB (S.D. Miss. Sept. 10, 2021). The parties did not inform this Court of the filing and to this Court's knowledge, the federal court has made no substantive ruling on the issues before us.

parole-eligibility claims can be brought in an original action in circuit court. Accordingly, he pleaded that PCR procedures did not apply. He sought judicial review of the MDOC's classification of his sentence as twenty years without parole and for any unfavorable response the MDOC might make against his ARP complaint. McFarland pointed out that under the statute dealing with such administrative proceedings, any court action filed while a complaint was pending should be stayed for ninety days to allow for the ARP process to be completed.[3]

¶8. McFarland obtained summonses issued to Warden David Wingo of the Marion County Correctional Facility, to Commissioner Nathan Cain of the MDOC, to Chairman Steven Pickett of the Mississippi Parole Board, and to Lynn Fitch on behalf of the State of Mississippi. The State was served on October 21, 2021; Wingo, Cain, and Pickett were served on October 27, 2021.

### F. Circuit Court's Order

¶9. Before any defendant answered, on October 27, 2021, the circuit judge signed an order summarily denying McFarland's petition, but the order was not filed with the clerk and entered until November 2, 2021. The court stated that it considered McFarland's petition as a motion to modify his sentence and found that the court had no jurisdiction to act because the term in which McFarland was sentenced had expired. The circuit court further held that McFarland was not eligible for parole because he was serving a sentence for trafficking

---

[3] See Mississippi Code Annotated section 47-5-803 (Rev. 2015), which provides:

> If at the time the petition is filed the administrative review process has not yet been completed, the court shall stay the proceedings for a period not to exceed ninety (90) days to allow for completion of the procedure and exhaustion of the remedies thereunder.

drugs, and Mississippi Code Annotated section 47-7-3(1)(f) specifically says that "No person sentenced for trafficking and aggravated trafficking, as defined in Section 41-29-139(f) through (g), shall be eligible for parole release."

### G. Subsequent Pleadings

¶10. After the circuit court's order was entered, most of the parties filed answers to McFarland's petition. On November 20, 2021, Cain answered on behalf of the MDOC, claiming that because McFarland's ARP procedure had not been completed, his claim for judicial review was not ripe. The MDOC also pled that McFarland's sentencing order did not state that during the second ten years of his sentence McFarland would be eligible for parole.[4]

### H. Appeal and MDOC Response to ARP Complaint

¶11. On November 23, 2021, McFarland filed his notice of appeal of the circuit court's decision. On that same day, the MDOC filed its response to McFarland's ARP complaint with the court, although the response was dated October 27, 2021. The MDOC denied McFarland's request, stating that his offense of trafficking cocaine did not afford him eligibility for parole or early release. The form containing the MDOC response indicated that

---

[4] Other parties answering included the parole board and the State of Mississippi. On November 19, 2021, the parole board through Pickett filed an answer and included a motion to dismiss the petition, claiming that McFarland's petition sought no relief from Pickett personally or from the parole board. Pickett pointed out that neither he nor the parole board had any authority to interpret the sentence given to McFarland. The State of Mississippi also filed a response to McFarland's petition on November 22, 2021, arguing that McFarland made no claim against the State and that the MDOC has the sole authority to determine an inmate's eligibility for parole, citing Mississippi Code Annotated section 47-7-3. Warden Mingo never answered or responded to McFarland's petition; however, there is no return of process in the record to show that he was ever served with the petition.

McFarland had the right "to proceed to Step Two" in the appeal process, but the record is silent as to whether McFarland ever received the MDOC decision or pursued any further appeal within the MDOC itself.

¶12.    On appeal, the dispositive issues are whether the circuit court appropriately treated McFarland's petition as a motion to modify his sentence and whether McFarland was eligible for parole.[5]

**Discussion**

### I.    Whether the circuit court had jurisdiction to consider McFarland's petition.

¶13.    The circuit court found that McFarland's "Petition to Correct Parole Eligibility" was in essence a motion to modify his sentence. Accordingly, the court held that it had no jurisdiction to consider the petition because it was filed after the expiration of the term in which McFarland had been sentenced. If that was the nature of McFarland's pleading, the circuit court would have been correct. Once a felony sentence has been "entered of record, and the term of court expires, the circuit judge is without jurisdiction to change or modify that sentence at a later time." *Shinn v. State*, 74 So. 3d 901, 904 (¶11) (Miss. Ct. App. 2011) (citing *Campbell v. State*, 430 So. 2d 851, 853 (Miss. 1983)). In that case, we held that it was unlawful for the circuit court to change Shinn's sentences from running concurrently to

---

[5] McFarland articulates other issues; however, they are either immaterial or included in our discussion. First, McFarland argues that the MDOC and the State waived any exhaustion of administrative remedies argument, but neither party raised that argument. The other issues McFarland raises, that the MDOC's calculation of his sentence is incorrect and that the circuit erroneously applied a provision of the parole-eligibility statute ex post facto are included in the discussion of whether McFarland was eligible for parole.

8

running consecutively after Shinn had filed his notice of appeal. *Id.* at 907 (¶20). We noted that filing the notice of appeal transfers jurisdiction to the appellate court. *Id.* at 905 (¶13). But in this case, McFarland is not asking that his sentence be changed; only that it be clarified as to his eligibility for parole.

¶14. Notably, the wording of McFarland's sentencing order does not track the wording of the statute under which he was convicted. The circuit court sentenced him to twenty years and stated, "The first TEN (10) YEARS of said sentence shall not be eligible for parole or probation pursuant to Section 41-29-139(f)(1), Mississippi Code of 1972, as amended." But the statute under which McFarland was convicted, section 41-29-139(f)(1), provided: "The ten-year mandatory sentence shall not be reduced or suspended. The person shall not be eligible for probation or parole, the provisions of Sections 41-29-149, 47-5-139, 47-7-3 and 47-7-33, to the contrary notwithstanding." As the MDOC correctly points out, the court's sentencing order is silent about McFarland's eligibility for parole *after* the first ten years of his sentence. To resolve any conflict between the sentencing order and the statute, however, requires an analysis of the meaning of the statute, and thus the extent of the circuit court's authority to grant parole at any time, and not the mere enforcement of the sentence. Thus, it is clear that McFarland was not asking for a modification of his sentence; only resolution of his parole eligibility status under the statute. Accordingly, we find that the circuit court erred in finding that McFarland's petition was a motion to modify his sentence, and we reverse that finding.

¶15. In this case, the circuit court had jurisdiction to hear McFarland's petition and address

the discrepancy between McFarland's sentencing order and the wording of the statute under precedents that allow for the filing of an original action to determine a defendant's eligibility for parole. In *Ducksworth v. State*, 103 So. 3d 762 (Miss. Ct. App. 2012), the defendant, who had pleaded guilty to two murders in 1989, filed a claim through the MDOC Administrative Remedy Program in May 2009, asserting that his parole-eligibility date had been miscalculated. *Id*. at 763 (¶¶3-4). On October 6, 2009, the parole board acknowledged Ducksworth's parole-eligibility date as August 5, 2008, but the board denied him parole. *Id*. at (¶6). In May 2011, Ducksworth filed a PCR motion, claiming that his sentence was "illegal" because he should have become eligible for parole earlier. *Id*. at 764 (¶7). The circuit court denied Ducksworth's PCR motion because it was not filed within three years of his guilty plea. *Id*. at (¶8).

¶16.    In considering Ducksworth's appeal, this Court noted that Ducksworth was not claiming that the court illegally sentenced him; only that MDOC had miscalculated his parole-eligibility date. *Id*. at (¶11). We noted that parole eligibility is not a fundamental constitutional right but a matter of legislative grace. *Id*. at (¶12). But we also said that the issue can still be pursued in circuit court as an original action, *id*. at (¶14), citing *Lattimore v. Sparkman*, 858 So. 2d 936 (Miss. Ct. App. 2003), as authority. In that case, Lattimore had filed an internal grievance concerning the calculation of his eligibility for parole, but he did not appeal the MDOC's denial within thirty days. *Id*. at 938 (¶5). Thereafter, he filed a petition for habeas corpus in circuit court and the State argued that the court lacked jurisdiction. *Id*. at (¶6). On appeal, we concluded that an inmate may contest his parole

10

eligibility in an original action in circuit court. *Id*. at (¶7).[6]

¶17.    In *Keys v. State*, 67 So. 3d 758 (Miss. 2011), the Mississippi Supreme Court dealt with the issue of the circuit court's jurisdiction to consider a defendant's "motion to mandate parole eligibility." *Id*. at 759 (¶4). In that case, Keys pleaded guilty to murder in 1987 and was sentenced to serve a life sentence. *Id*. at (¶2). Under Mississippi Code Annotated section 47-7-1(c), because the murder was committed prior to 1994, Keys was eligible for parole. *Id*. He was paroled in 1998; however, his parole was revoked in April 2002. *Id*. But he was again paroled in August 2002. *Id*. That parole was revoked when he assaulted a police officer, for which he was charged, convicted, and sentenced to a five-year sentence to run consecutively to his life sentence. *Id*. at (¶3). However, because he was sentenced as a habitual offender, he was not eligible for parole under that five-year sentence. *Id*. The MDOC classified Keys as totally ineligible for parole. *Id*. at (¶4). Keys then filed a "motion to mandate parole eligibility" in circuit court. *Id*. Treating the pleading as a PCR, the circuit court denied the motion and determined under section 99-19-1 (Rev. 1994) that Keys could not begin serving his five-year sentence until the end of his life sentence.[7] This Court

---

[6] In *Ducksworth* we ultimately affirmed the circuit court's dismissal of Ducksworth's claim because by the time Ducksworth filed his motion, the parole board had met, acknowledged his eligibility for parole, but denied it. *Ducksworth*, 103 So. 3d at 762 (¶2). Accordingly, this Court held that the circuit court's dismissal was appropriate because Ducksworth's motion was moot. *Id*.

[7] Mississippi Code Annotated section 99-19-21 provides:

(1) When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the

11

reversed, finding that the circuit court lacked jurisdiction to consider the motion, but the supreme court disagreed. *Id*. at (¶5). This Court had held that Keys failed to follow the MDOC's ARP procedures, *id*. at (¶6); Keys argued that his motion actually was a petition for habeas corpus. *Id*. at 759-60 (¶7). The supreme court agreed with Keys that an exhaustion of the administrative remedies was not required, stating:

> In *Williams v. Puckett* [,624 So. 2d 496 (Miss. 1993),] and *Wilson v. Puckett*, [721 So. 2d 1110) (Miss. 1998),] the inmates filed petitions for post-conviction relief, challenging the MDOC's calculation of parole and "earned time" release dates. In each case, this Court addressed the merits of their claims without discussing whether either inmate should have exhausted their remedies through the MDOC's administrative-review procedure.
>
> We find it surprising that the Court of Appeals declined to follow those cases and the precedent of the Court of Appeals, itself, set in *Lattimore v. Sparkman,* in which an inmate filed a petition in circuit court, seeking a correction in his parole eligibility date. Addressing the jurisdictional issue, the Court of Appeals relied on *Wilson* and *Williams* and held that "an inmate may contest matter[s] such as [the correct computation of a parole eligibility date] as an original action in circuit court.

*Id.* at 760 (¶9).

¶18.    Recently in *Davenport v. State*, 284 So. 3d 798 (Miss. Ct. App. 2019), this Court

---

preceding conviction.

(2) When a person is sentenced to imprisonment for a felony committed while the person was on parole, probation, earned-release supervision, post-release supervision or suspended sentence, the imprisonment shall commence at the termination of the imprisonment for the preceding conviction. The term of imprisonment for a felony committed during parole, probation, earned-release supervision, post-release supervision or suspended sentence shall not run concurrently with any preceding term of imprisonment. If the person is not imprisoned in a penitentiary for the preceding conviction, he shall be placed immediately in the custody of the Department of Corrections to serve the term of imprisonment for the felony committed while on parole, probation, earned-release supervision, post-release supervision or suspended sentence.

considered Davenport's "motion to show cause" as a motion for post-conviction relief when he that the MDOC had mistakenly calculated his sentence and parole eligibility. *Id*. at 800 (¶8). There, in 1992, Davenport was convicted of robbery, armed robbery, and murder. *Id*. at 799 (¶2). He was sentenced to life in prison on the murder conviction, three years on the robbery conviction, and twenty years on the armed robbery conviction. *Id*. Davenport was later found possessing marijuana while he was incarcerated, tried for that, and given additional time to be served concurrently with his three-year sentence without parole. *Id*. at (¶3). In 2017, he was granted parole from his life sentence, but the MDOC determined that he still had to serve an additional three years for the possession of drugs in prison sentence. *Id*. at (¶3). Davenport filed a "motion to show cause" with the circuit court, claiming that the MDOC had miscalculated his sentence. *Id*. The circuit court denied the motion and found that the parole board's decision was supported by substantive evidence and not arbitrary or capricious. *Id*. at 800 (¶3). On appeal, the State argued that Davenport's motion stemmed from the MDOC ARP program, but this Court found that the circuit court properly treated Davenport's motion as a request for post-conviction collateral relief. *Id*. at (¶6). Admittedly, Davenport did mark on his cover sheet that his action was a PCR motion, but we also cited *Keys*, *Ducksworth*, and *Lattimore* as authority for the circuit court's jurisdiction over the matter.

¶19. In the case at hand, McFarland filed a separate original action in the circuit court concerning his eligibility for parole. Although McFarland did not style his petition as one seeking a writ of habeas corpus, as did the defendant in *Lattimore*, or as a PCR motion, as

13

did the defendant in *Ducksworth*, but rather as a uniquely titled motion, as did the defendant in *Keys*. Under the precedent of those cases, we find that the circuit court had jurisdiction to consider McFarland's petition.

¶20. In summary, we hold that the circuit court erred in treating McFarland's petition as a motion to modify his prior sentence which would have deprived it of jurisdiction, and render judgment that the circuit court had jurisdiction to determine McFarland's parole eligibility under section 41-29-139(f)(1).

## II. Whether McFarland was eligible for parole.

¶21. Despite finding that it had no jurisdiction to consider McFarland's petition, the circuit court held that under the parole eligibility statute, as a drug trafficker, McFarland was not eligible for parole. Although the circuit court cited the wrong version of the parole eligibility statute in its ruling, we find that the circuit court's ruling was correct because McFarland was not eligible for parole under both the parole-eligibility statute and Section 41-29-139(f) as written and in effect at the time of his sentencing.

### A. Parole-eligibility Statute

¶22. The current version of the parole-eligibility statute, Mississippi Code Annotated section 47-7-3(1)(f) (Supp. 2022) clearly states:

> No person sentenced for trafficking and aggravated trafficking as defined in Section 41-29-139(f) through (g) shall be eligible for parole.

But this section was added in 2021. 2021 Miss. Laws Ch. 479, § 2 (S.B. 2795). The statute in effect at the time McFarland committed his crime in August 2017 did not contain such a direct provision. But at that time, it did contain a provision, section 47-7-3(1)(g), that read,

14

"No person who, on or after July 1, 2014, is convicted of . . . an offense that specifically prohibits parole release shall be eligible for parole." In August 2017, the statute under which McFarland was later indicted, section 41-29-139(f)(1)(Supp. 2016), provided:

> Any person trafficking in controlled substances shall be guilty of a felony and, upon conviction, shall be imprisoned for a term of not less than ten (10) years nor more than forty (40) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00). The ten-year mandatory sentence shall not be reduced or suspended. The person shall not be eligible for probation or parole, the provisions of Sections 41-29-149, 47-5-139, 47-7-3 and 47-7-33, to the contrary notwithstanding.

Thus, in McFarland's case, even though the circuit court cited the current provision of the parole eligibility statute, McFarland was not eligible for parole under the version of that statute in effect at the time of his crime because the offense he was convicted of did not allow for parole eligibility.

### B. *Parole Eligibility under Section 41-29-139(f)*

¶23. The punishment for conviction of drug trafficking under section 41-29-139(f)(1) was the same in 2017 when McFarland committed his crime as it is now. The statute reads now, as it did then, as follows:

> (f) Trafficking. (1) Any person trafficking in controlled substances shall be guilty of a felony and, upon conviction, shall be imprisoned for a term of not less than ten (10) years nor more than forty (40) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00). *The ten-year mandatory sentence shall not be reduced or suspended. The person shall not be eligible for probation or parole, the provisions of Sections 41-29-149, 47-5-139, 47-7-3 and 47-7-33, to the contrary notwithstanding.*

Miss. Code Ann. § 41-29-139(f)(1) (Supp. 2022) (emphasis added). We recognize that at

15

first blush, the sentence specifically dealing with the ten-year mandatory sentence may imply that any years of a sentence after the first ten years may be dealt with differently and may be in conflict with the sentence that follows concerning parole eligibility.

¶24. During the sentencing hearing, the circuit judge indicated that the statute may mean that a defendant was eligible for parole for any time after the initial ten years of the sentence. However, the circuit judge then seemed to defer to the MDOC for a final interpretation at the end of the colloquy. Moreover, the circuit court's written order sentenced McFarland to twenty years and stated that "the first TEN (10) YEARS of said sentence shall not be eligible for parole or probation pursuant to Section 41-29-139(f)(1), Mississippi Code of 1972." When an oral pronouncement of a sentence conflicts with the written pronouncement, the written pronouncement prevails. *Boutwell v. State*, 847 So. 2d 294, 296 (¶8) (Miss. Ct. App. 2003) (citing *Temple v. State*, 671 So. 2d 58, 59 (Miss. 1996) (refusing to uphold harsher punishment provisions that were not subsequently memorialized in the written judgment)). In this case, the circuit court's sentence provided nothing about McFarland's eligibility for parole after the first ten years. To determine McFarland's eligibility for parole, confusion really arises over the wording of the statute and not the sentence imposed by the court, which was silent as to McFarland's parole eligibility during the last ten years of his incarceration.

¶25. "The Mississippi Supreme Court has held that 'statutory interpretation is appropriate if a statute is ambiguous or is silent on a specific issue.'" *Doe v. Holmes Cnty. Sch. Dist.*, 246 So. 3d 920, 922-23 (¶9) (Miss. Ct. App. 2018) (quoting *Tipton v. State*, 150 So. 3d 82, 84

(¶7) (Miss. 2014)). "If a statute is ambiguous, the [reviewing] Court must carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." *Id*.

¶26.    The first sentence in section 41-29-139(f)(1) makes no mention of the eligibility for parole during those first ten years of a convicted defendant's sentence.[8]  However, the third sentence in the statute does mention parole, specifically stating that the person convicted for trafficking shall not be eligible for probation or parole.  Accordingly, the statute that McFarland violated states that no person, no matter what the length of his or her sentence, can be eligible for parole.  The sentence dealing with the first ten years merely instructs trial-level courts, which now have discretion concerning the length of the term to impose, that they could not suspend or revoke the minimum ten-year sentence.

¶27.    That this section prohibits parole for anyone convicted as a drug trafficker is supported by prior versions of the statute.  In 2011, section 41-29-139(f)(1) (Supp. 2011) read:

> Any person trafficking in controlled substances shall be guilty of a felony and, upon conviction, shall be imprisoned for a term of thirty (30) years and such sentence shall not be reduced or suspended nor shall such person be eligible for probation or parole, the provisions of Sections 41-29-149, 47-5-139, 47-7-3

---

[8] "Any person trafficking in controlled substances shall be guilty of a felony and, upon conviction, shall be imprisoned for a term of not less than ten (10) years nor more than forty (40) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00).  The ten-year mandatory sentence shall not be reduced or suspended.  The person shall not be eligible for probation or parole, the provisions of Section 41-29-149, 47-5-139, 47-7-3 and 47-7-33, to the contrary notwithstanding." Miss. Code Ann. § 41-29-139(f)(1) (Supp. 2016).

17

and 47-7-33, Mississippi Code of 1972, to the contrary notwithstanding and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00).

Thus, had McFarland been convicted in 2011, the circuit court had no discretion as to the length of his term (thirty years), which could not be reduced or suspended at all, and McFarland would not be eligible for probation or parole. The statute read like this until 2014 when it was changed to its current wording. 2014 Miss. Laws. Ch. 457, § 37 (H.B. 585). The change gave the circuit courts discretion as to the length of sentence (ten to forty years) and included a sentence limiting the court's authority to revoke or reduce the mandatory ten-year minimum sentence.[9] However, no change was made to the provision that anyone convicted under the statute was not eligible for parole.

¶28. Accordingly, we conclude that the circuit court did not err in finding that McFarland was not eligible for parole at any time during his twenty-year sentence. The versions of the parole-eligibility statute and the statute under which McFarland was convicted, in effect at the time he was sentenced, both mandate such a finding.

---

[9] The 2014 version of the statute read:

> Any person trafficking in controlled substances shall be guilty of a felony and, upon conviction, shall be imprisoned for a term of not less than ten (10) years nor more than forty (40) years. The ten-year mandatory sentence shall not be reduced or suspended. The person shall not be eligible for probation or parole, the provisions of Sections 41-29-149, 47-5-139, 47-7-3 and 47-7-33, Mississippi Code of 1972, to the contrary notwithstanding during the sentence and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00).

Miss. Code Ann. § 41-29-139(f)(1) (Supp. 2014).

**Conclusion**

¶29.    We reverse the circuit court's treatment of McFarland's petition as a motion to modify his sentence, and we render judgment that the circuit court had jurisdiction to consider McFarland's "Petition to Correct Parole Eligibility." Applying the parole-eligibility statute in effect at the time of his conviction, as well as the provisions of the statute under which McFarland was convicted, we affirm the circuit court's ruling that McFarland was not eligible for parole.

¶30.    **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**